GEORGE CHESTERMAN and CAROLINE P. CHESTERMAN, his wife, *v.* GEORGE C. EYLAND and others.

*Chamberlain of New York — duty of, as to investment of funds — when not personally responsible for inadequacy of security.*

On March 18, 1874, $5,767.38, the share of an infant defendant, M. C. Timpson, in the proceeds of certain real estate sold in an action for partition, were, in pursuance of the terms of the judgment therein, paid to George W. Lane, then chamberlain of the city of New York. This money was by him paid out to

other parties, and certain bonds and mortgages theretofore held by the chamberlain for such parties, were transferred to the account of, and held for, the said infant. At that time the property covered by one of these mortgages was an adequate security for the money secured thereby; but subsequently, owing to a decline in the value of real estate, and of a large assessment imposed upon the mortgaged property, it was bought in upon a sale, had under a foreclosure of said mortgage, by the city chamberlain at the amount of the assessment.

*Held,* that an application by M. C. Timpson to compel the said Lane and his successor in office to pay over the moneys so deposited, was properly denied.

APPEAL from an order denying a motion made by Mary C. Timpson, for an order directing George W. Lane and J. Nelson Tappan to pay to her the moneys deposited with the chamberlain of the city of New York to her credit, March 18, 1874, by an order of the court made in the above entitled action, brought for a partition and sale of real estate, dated December 15, 1873.

*Edward F. Brown,* for the appellant, Mary C. Timpson.

*C. H. Woodruff,* for the respondent, George W. Lane.

BRADY, P. J. :

The moneys in question are proceeds of real estate sold under a decree in partition, by which the referee who made the sale was directed to bring into this court three of such equal thirty-sixth parts or shares, being for the shares of the infant defendant Mary C. Timpson, and deposit the same with the chamberlain of the city of New York, unless otherwise ordered by this court.

On the 18th of March, 1874, George W. Lane, then city chamberlain, received $13,457.23, the proceeds of this sale. Mary C. Timpson's portion of it amounted to $5,767.38. About the time these moneys were received by Mr. Lane, as chamberlain, he needed the amount to make payment of sums which the court, by order, required him to pay to other parties, whose moneys had been previously deposited with the city chamberlain by order of the court, and instead of converting or transferring the bonds and mortgages in which the moneys belonging to such other parties were invested, he paid Mary C. Timpson's moneys to them, and credited to this action certain bonds and mortgages on his books as city chamberlain. One of these mortgages was made by

Edward Jones in 1867 ; it was on eight vacant lots on 147th street and Seventh avenue, and was originally given for $15,000. On the security of these eight lots, and of other lands on 127th street, which latter were, however, released in October, 1867, and the mortgage reduced to $10,000. When Mr. Lane appropriated Miss Timpson's money to pay sums out to other parties, and carried this and other bonds and mortgages to the credit of this action, the taxes on these eight lots for 1871, 1872 and 1873, were unpaid ; but they were subsequently paid. It appeared also that they were, in September, 1875, heavily assessed, indeed to the amount of $8,000, and upwards, which seems to have been in excess of their then actual value. These lots were, in March, 1877, sold under a foreclosure of the Jones mortgage, and bought in by Mr. Tappen, the present chamberlain, for $8,000 ; he purchasing under the advice of counsel, and for the protection of all whom it might concern. It appears that Mr. Tappen, since the purchase, made certain payments, which it is not necessary to consider in deciding this appeal.

The practice of massing the funds of infant defendants in this way appears to have been the practice of the chamberlain's office for many years prior to the appointment of Mr. Lane as city chamberlain, and, it may be said, seems to have been attended with success.

It may also be said that at the time the transfer was made by Mr. Lane of these moneys the property was abundant security for the amount appropriated by him, and even upon a forced sale then would have realized the amount of the loan.

It may perhaps be further said that the value of the property, and its completeness as a security, continued until the depreciation of real estate, which was very rapid and marked in 1875.

The rule of this court in regard to moneys received by the city chamberlain, who is the county treasurer of this county, under and by virtue of any law vesting him with funds or securities belonging to any suitors in this court, required that they should be deposited by him, in his name of office, in one or more of the companies named in the rule, or in such bank or trust company as this court might direct as a bank of deposit, unless the order or judgment under which such moneys were brought into court

should direct them to be deposited with some other bank or company. (See Supreme Court, rule 83 of 1849, rule 79 of 1852, rule 81 of 1858, rule 82 of 1871, and rule 82 of 1874.)

A further rule required the county treasurer to make a report to the court containing a statement of the funds and securities under his control, deposited with him, which statement should show the amount in his hands uninvested, and all stocks, bonds and mortgages, and other investments, for the benefit of suitors or otherwise. And the statute (2 R. S., 328, § 70), in providing for the investment of the proceeds of sales in partition, required mortgages upon unincumbered real estate of at least double the value of such investment. And rule 180 of the late Court of Chancery required that the value of the land to be accepted as security, exclusive of the building, should be considered. There does not appear to have been any rule absolutely requiring the selection of improved real estate.

It is quite apparent that investments by the chamberlain on bond and mortgage were authorized, unless the order or judgment under which deposit was made with him otherwise directed, and that an investment by Mr. Lane of the moneys received by him, in that mode, if proper care and vigilance were exercised with reference to the value of the security given, was entirely justifiable.

It may be questioned whether the transfer of a bond and mortgage, in the mode which has been described, is strictly considered an investment on bond and mortgage. But we do not see that it would be more disadvantageous than an actual investment, where the mode fails in consequence of a sudden and violent depreciation in the value of the security.

The investment of the moneys in the manner described, and not, as it appears, in violation of the order or rule or decree of the court, or of the law applicable to the subject, and the security accepted, having been abundant, it is impossible to say that Mr. Lane was guilty of any dereliction of duty or of any negligence, and having arrived at this conclusion it would be unjust to hold him personally responsible for the unfortunate result of his act in thus investing the moneys.

Unless this court is prepared to declare, as a legal proposition, that the county treasurer is an insurer against loss by the invest-

ment of moneys which come to his hands, in a mode prescribed by law, we do not see how we can hold him responsible under the circumstances disclosed by the facts in this case.

It is very much to be regretted that the moneys belonging to Mary C. Timpson cannot be obtained from any known source through the power of this court, which would be otherwise gladly exercised for the purpose. But it cannot be done. No way has been suggested, and no mode occurs to the court. It might be possible to regard it as a county charge and to provide for it by legislative action, inasmuch as the property which was taken as security is now in the possession of the city substantially through the purchase made by the city chamberlain. This is a matter, however, for the consideration of the city and county authorities, and for their action if they deem it a proper subject for their interference. Of course these observations apply to the other mortgages employed for a like purpose in this matter.

For these reasons we think the order appealed from should be affirmed, without costs, inasmuch as the question is a difficult one, in the consideration of which this court has felt very great embarrassment.

Potter, J., concurred. Present — Brady, P. J., and Potter, J.

Order affirmed, without costs.